IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | 7:94-CV-99 (DF) |
| | : | |
| **BETTY CAROLYN FAULKNER, et. al,** | : | |
| | : | |
| **Defendants.** | : | |

### O R D E R

I.  INTRODUCTION

The United States of America ("Government") instituted this civil action in 1994 to establish title to, and to recover possession of, the Banks Lake National Wildlife Refuge ("Banks Lake Refuge") by ejecting numerous defendant landowners from the property, including Defendants Tina Corbitt Lee, Michael J. Corbitt, and Mark A. Corbitt ("Corbitt Defendants" or "Corbitts"). (Gov't's Am. Compl., doc. 14.)  In an order dated May 2, 2000 (doc. 70), this Court held that title to the property located within the Banks Lake Refuge, between lots 520 and 521, and from the 1925

High Water Mark[1] to the southern right of way of State Route 122, was vested in the various defendant landowners. Title to the property lying within the Banks Lake Refuge, outside of the foregoing boundary lines—including the property south of the 1925 High Water Mark—was vested in the Government. (*See* United States Dep't Interior, Fish & Wildlife Svc. Map, Attach. #1.)

In June 2005, the Corbitt Defendants were cited by the Government for constructing a dock in a national wildlife refuge without proper authorization in violation of 16 U.S.C. § 668. (Corbitt Defs.' Mot. Amend, doc. 75). Before the Court is the Corbitts' motion to amend the Court's May 2 Order to reflect that their covered boathouse/shed does not encroach impermissibly onto the Government's property in the Banks Lake Refuge. (Mot. Amend ¶ 10.) For the reasons stated below, the Corbitts' motion is **DENIED**.

II.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Government acquired the Banks Lake Refuge from the Nature Conservancy in 1985. (Gov't's Am. Compl., doc. 14, at ¶ 1.) On August 23, 1994, the Government brought suit against Betty Faulkner, a landowner claiming title to property located on land lot 521 in the Banks Lake Refuge. (Gov't's Compl., doc. 1,

---

[1] The high water mark as it existed in 1925.

at ¶ 5.)  Pursuant to this Court's order dated January 15, 1999 (doc. 13), the Corbitt Defendants[2] and some fifty-two other parties who also possessed property in land lots 520 and 521 or had constructed boathouses, sheds, and/or docks on Banks Lake were added to the action.[3]  The Government's objective in bringing the suit was to establish its title to "certain real property" located within the Banks Lake Refuge and "situated in land lots (520) and (521) of Lanier County, Georgia" (Gov't's Am. Compl. ¶ 1.)

In 1999, the Court appointed a Special Master to conduct a title examination of the disputed property within the Banks Lake Refuge. (Order, doc. 20.)  On March 14, 2000, the Special Master filed a report which was adopted and incorporated into the Court's May 2 Order (doc. 70).  Pursuant to the Special Master's findings, the Court held that "title to the property known as portions of the Banks Lake located in Land Lots 520 and 521 of the 10th Land District of Lanier County, Georgia, up to

---

[2] The Corbitts' boathouse/shed is located within the Banks Lake Refuge on land lot 521, <u>south</u> of the 1925 High Water Mark. (*See* Map, Attach. # 1.)

[3] On June 29, 1999, Shirley Corbitt, the Corbitts' mother, signed four Waivers of Service of Summons: one for herself, and one for each of the Corbitt Defendants.  By signing the waivers, Shirley Corbitt individually acknowledged receipt of copies of the complaint, amended complaints, and orders adding additional parties to the action. (Waivers of Service of Summons, docs 29-32.)  The Court makes no determination regarding the legal sufficiency of the manner in which the Government executed service of process on the Corbitts as they waived any objections they might have had to the sufficiency of process and the Court's exercise of personal jurisdiction over them long ago. *See* **Pardazi v. Cullman Med. Ctr.**, 896 F.2d 1313, 1317 (11th Cir. 1990).

and including the 1925 High Water Mark . . . is vested in the United States of America." (May 2 Order 1-2; internal quotations omitted.)  The Court further found that "title to the property known as portions of the Banks Lake located in Land Lots 520 and 521 of the 10th Land District of Lanier County, Georgia, from the 1925 High Water Mark to the Southern right of way of State Route 122 . . . is vested in the various Defendants/ landowners."  (*Id*.)

The May 2 Order was amended on April 22, 2002 to acknowledge the Government's "right to flood and overflow lands adjacent to Banks Lake by reason of a dam or dams . . . which right also includes normal and natural overflow rights resulting from rains and other natural causes, together with the riparian, littoral flowage and water rights connected therewith."  (April 22 Order 2.)  After the amended order was entered, no other activity occurred in this case until the Corbitts filed their motion to amend on February 27, 2006.

## III. LEGAL DISCUSSION

The Corbitt Defendants petition this Court to amend its May 2 Order[4] pursuant to Fed. R. 60(b)(6) of the Federal Rules of Civil Procedure to reflect that: (1) title to the real estate from the 1925 High Water Mark to the southern right of way of State Route 122 as it relates to the Corbitts' property is vested in the Corbitts; and (2) any existing improvements on Banks Lake that extend south of the 1925 High Water Mark are permitted encroachments. (Mot. Amend ¶ 10.)

The Corbitts assert two related arguments in support of their Rule 60(b)(6) motion. First, they contend that they are entitled to relief from the Court's order because they did not know that they had been added as additional party defendants. According to the Corbitts, their "mother, Shirley Corbitt, signed an Acknowledgment of Service but never notified the Corbitt Defendants of the pending civil action." (Mot. Amend ¶ 5.) The Corbitts claim that Shirley Corbitt never informed them of the suit because an agent of the Government assured her

---

[4] In their motion, the Corbitts requested relief from the Court's "prior orders" entered on May 2, 2000, and on April 22, 2002. (Mot. Amend ¶ 10.) While the May 2 Order was amended on April 22, 2002 to acknowledge Government's water rights in the properties listed, the April 22 Order did not substantively alter the boundaries previously established in the May 2 Order. Because the Corbitts' requests for relief relate solely to the boundary lines established in the May 2 Order, the Court treats the Corbitts' motion as a request for relief from that order alone. The Court notes, however, that its characterization of the Corbitts' motion has little, if any, bearing on the Court's analysis or conclusion.

that the Corbitts' "boathouse and docks would be grandfathered in." (Mot. Amend ¶ 5.) Alternatively, the Corbitt Defendants contend that, until they were cited by the Government, they believed that the May 2 Order vested them with title to their property and the improvements thereto. (Mot. Amend ¶ 9.)

The Government argues that the May 2 Order should not be amended for two reasons. First, the Corbitts cannot assert in good faith that they lacked knowledge of the litigation. Second, the Corbitts cannot demonstrate that exceptional circumstances warrant relief under Rule 60(b)(6). (Gov't's Resp. Defs.' Mot. Amend, doc. 76.)

Rule 60(b) of the Federal Rules of Civil Procedure (FRCP) permits a court to order relief from a final judgment, order, or proceeding due to:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (West 2005). Motions filed pursuant to subsections (4), (5), and (6) must be filed within "a reasonable time," and motions filed under subsections

(1), (2), and (3) must be filed within "one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).

### 1. Rule 60(b) Motions: Time for Filing

It is undisputed that the Corbitts' boathouse/shed encroaches on the Government's property because it is located south of the 1925 High Water Mark (the southern boundary line between the Government's property and the defendants' properties). It is also undisputed that the May 2 Order did not list the Corbitts' boathouse/shed as a permissible encroachment on the Government's property. Yet, in spite of the foregoing, the Corbitts did not challenge the May 2 Order until nearly six years after it was entered. The Corbitts claim that they did not file an answer or otherwise attempt to defend their interests in this lawsuit because a Government agent told their mother that the Corbitts' "boathouse and docks would be grandfathered in," and she assumed, based on the alleged representation, "that no action was required." (Mot. Amend ¶ 5.)

Rule 60(b)(1) "permits courts to reopen judgments for reasons of 'mistake, inadvertence, surprise, or excusable neglect,' but only on motion made within one year of the judgment." *Pioneer Inv. Serv.'s Co. v. Brunswick Assoc.'s Ltd. P'ship*, 507 U.S. 380, 393 (1993) (quoting Fed. R. Civ. P. 60(b)). "Rule 60(b)(6) goes further,

however, and empowers the court to reopen a judgment even after one year has passed for 'any other reason justifying relief from the operation of judgment.'" *Id*. However, subsections (1) and (6) are "mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by referring to subsection (6)." *Id.* "To justify relief under subsection (6), a party must show 'extraordinary circumstances,' suggesting that the party is faultless in the delay." *Id.* (quotations omitted); *see also* **Griffin v. Swim-Tech Corp.**, 722 F.2d 677, 680 (11th Cir. 1984). "If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Pioneer*, 507 U.S. at 393.

In essence, the Corbitts argue that their failure to defend in this action was based on mistake, inadvertence, or excusable neglect—all of which are enumerated reasons justifying the reopening of a judgment–-but only pursuant to a motion filed under Rule 60(b)(1) within one year of the judgment. The judgment the Corbitts seek relief from is more than six years old; thus, the Court cannot afford them any relief under subsection (1).

But the Corbitts seek to avail themselves of Rule 60(b)(6), which applies if there are "any other reasons justifying relief," and only requires a motion filed

under this subsection to be made within a "reasonable time" of the challenged judgment. Fed. R. Civ. P. 60(b)(6). The "reasonable time" requirement is subject to at least one caveat, however: the party seeking relief must be faultless in seeking relief more than one year after the judgment was entered. Here, it is clear that the Corbitts were at least partly to blame for their delay in challenging the May 2 Order. The May 2 Order clearly delineated the boundary lines between the Government's and the Corbitts' properties. Once the order was entered, the Corbitts were on notice that their boathouse/shed encroached on the Government's property. Still, the Corbitts did not challenge the boundary lines established in the May 2 Order until nearly six years after it was entered. Accordingly, the Corbitts' failure to take timely action precludes them from seeking relief more than one year after the judgment by referring to Rule 60(b)(6). *See* **Pioneer**, 507 U.S. at 393.

Even if this Court viewed the Corbitts' motion as properly filed pursuant to Rule 60(b)(6), the Corbitts' motion would still be denied because it was not filed within a "reasonable time" of the Court's May 2 Order.

The Corbitts allege that their failure to file the motion to amend any earlier than February 27, 2006 was justified because they thought they were in compliance with the May 2 Order until the Government cited them for violating 16 U.S.C.A. §

9

668 (prohibiting construction of dock on national wildlife refuge without proper authorization) in June 2005.

According to the Government, however, "[a]s early as May of 2002, agents and attorneys for the United States began contacting affected land owners to discuss compliance with the Court's Amended Order entered April 22, 2002." (Gov't Resp. 2-3.) Specifically, "agents of the United States met with Michael Corbitt and others on a number of occasions beginning in January of 2003 and continuing up until the time the citations were issued." (Gov't Resp. 3.) The Corbitts did not rebut the Government's foregoing contentions.

Even if the Corbitts were somehow unaware of the boundary lines established in the May 2 Order, the record indicates that the Government informed them in May 2002 that their dock encroached on the Government's property. Based on this information, the Corbitts still could have filed a Rule 60(b)(6) motion in 2002. Instead, they waited nearly four more years before filing their Rule 60(b)(6) motion. The Corbitts' delay in filing their motion was, in this Court's view, unreasonable and unjustified. Accordingly, the Court hereby **DENIES** the Corbitts' Rule 60(b)(6) motion as untimely.

## IV.  CONCLUSION

For the reasons enumerated above, the Corbitts' motion to amend (doc. 75) is hereby **DENIED**.

SO ORDERED, this 28th day of July, 2006.

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab